IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES DAVID RAINES, #132009, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:98cv290-T |
| | ) | WO |
| DON SIEGELMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The Magistrate Judge has reviewed the evidentiary materials filed by the parties in this case, and has determined that it is appropriate to require the Department of Corrections (DOC) defendants to file a limited supplement to their special reports. Specifically, the court requires clarification concerning plaintiff's annual progress reviews.

In an affidavit signed on April 14, 1998, Paul Whaley II, Classification Director for the Alabama Department of Corrections, testified that:

> [T]here is but one single significant and salient factor in [Raines'] criminal record which shall forever bar any less restrictive security level, placement or program – that being his conviction for robbery/murder ... .
> . . .
> Even were Inmate Raines to successfully complete treatment [again] he would never be considered for any less restrictive security level, placement or program participation by this Department due to the crime of robbery/murder which he committed on parole.
> . . .
> Should he at some point choose voluntarily to attend [treatment], it will not impact his classification in any favorable manner due to his crimes.

Supplemental Special Report filed August 2, 2000, first exhibit (Doc. # 28).  In a second

affidavit signed on June 23, 2003, Whaley stated:

> For the record, Inmate Raines is barred by criteria for consideration for any less restrictive placement, program, or custody than is currently enjoyed by virtue of his crimes regardless of whether he participates in any treatment program offered by this Department. This would include minimum custody and work release.

Special Report filed June 24, 2003, Exhibit 1 (Doc. # 91).

It appears to the court that these statements, which are dated on or after April 14, 1998, clearly apply to all annual progress reviews after that date. They may also apply to Raines' annual progress review in February 1998. However, in an abundance of caution, the court deems it necessary to require the DOC defendants to clarify, through an affidavit or affidavits based on personal knowledge, *whether or not plaintiff was barred at all times relevant to this lawsuit, and is permanently barred in the future, for consideration for any less restrictive placement, program, or custody than he currently enjoys regardless of whether he participated in the past, or participates in the future, in a substance abuse treatment program – and, if so, why this is the case*. Affiant(s) shall also specifically address whether factors other than plaintiff's lack of participation in an ISAP would have prevented any change in plaintiff's placement, program or custody status for purposes of his 1998 annual progress review.

Accordingly, and for good cause, it is

ORDERED that the DOC defendants shall file the limited supplemental report and affidavit(s) required by this order on or before February 1, 2006. It is further

ORDERED that plaintiff shall file his response to the supplemental report on or before

February 15, 2006.  **If plaintiff fails to file a response as required by this order, the court will treat the failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action.  Plaintiff is specifically cautioned that if he fails to file a response in compliance with the directives of this order the undersigned will recommend that this case be dismissed for such failure.**

As indicated previously, at some time in the future the court will treat defendants' reports and plaintiff's responses as a dispositive motion and response.[1]  Thus, in filing a response to defendants' supplemental report plaintiff should not rely only on his or her unsworn pleadings but should respond by filing sworn affidavits,[2] or other evidentiary materials developed through discovery or other appropriate means, which set forth specific facts demonstrating there is a genuine issue of material fact for trial in this case.  Failure to file sworn affidavits or other evidentiary materials may result in this court accepting Defendants' evidence as the truth.[3]  If documents are referred to in the opposing affidavits and have not been previously filed with the court, sworn or certified copies of those papers must be attached to the affidavits or served with them.

The parties are hereby notified that upon the expiration of the time for plaintiff to file

---

[1]Thus, in preparing a response to the special report filed by defendants, plaintiff should refer to the requirements of Rule 56, <u>Federal Rules of Civil Procedure</u>.

[2]An affidavit is a sworn statement in writing made under oath or on affirmation before a notary public or other authorized officer.  The affidavit **must be made on personal knowledge, set forth such facts as would be admissible in evidence**, and show affirmatively that the affiant is competent to testify to the matters stated in the affidavit.

[3]If plaintiff is unable to present, by affidavit, facts essential to justify his opposition to defendants' special report, he must file a sworn statement as to why he is unable to do so.

a response as allowed by this order, the court may at any time thereafter and <u>without further notice to the parties</u> (1) treat the special report and any supporting evidentiary materials as a motion for summary judgment and (2) after considering any response as allowed by this order, rule on the motion for summary judgment in accordance with the law.

Failure to follow the requirements of this order about the proper manner in which to respond to defendants' supplemental report will result in a recommendation of the Magistrate Judge that final judgment be entered in favor of defendants without an evidentiary hearing.

DONE, this 26th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE