IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES DAVID RAINES, #132009, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:98cv290-MHT |
| | ) | WO |
| DON SIEGELMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AMENDED ORDER ON MOTION**

On March 7, 2006, the court entered an order (Doc. # 131) denying plaintiff's motion for request of discovery (Doc. # 129) filed March 3, 2006. This amended order is entered to clarify the basis for the March 7, 2006 ruling.

Plaintiff's motion sought production of a "full and complete copy of the Alabama Dept. Of Corr. Classification manual from January 1, 1990, through December of 1998." Motion at 1. Plaintiff contended that this document was necessary "to clarify the fact that Plaintiff was not barred by criteria from assignment to a community work squad and work release at the time he requested a less restrictive security level." Id. at 1-2.

Plaintiff's motion – which was filed two days *after* the court entered its recommendation that defendants be granted summary judgment and plaintiff's case be dismissed – is untimely. Even if the court construed the motion as a Fed.R.Civ.P. 56(f) motion (and assuming that it met the requirements of that rule), the motion was not filed in a timely manner. Plaintiff was aware as early as June 30, 2000, when the DOC defendants

filed a special report in this case, that defendants took the position that he was not eligible for a more favorable classification – a point that was reiterated in the DOC's June 24, 2003 special report.  See Doc. # 28 (Whaley affidavit); see also Doc. # 91 (Whaley affidavit).[1]  Plaintiff was informed by order entered on July 30, 2003 (Doc. # 107) that he should respond to the special reports, and that the reports and plaintiff's response might be treated as a dispositive motion and response in the future without further notice to the parties.  Id. at 1-3.  Plaintiff was cautioned that he should not rely on his unsworn pleadings in filing his response, but should instead file sworn affidavits "or other evidentiary materials developed through discovery." Id. at 2.

However, as plaintiff admitted in his Motion for Request of Discovery, he did not seek to obtain the classification manual through discovery until he filed his March 3, 2006 motion.  Motion at 3.  This is true even though plaintiff contended as early as August 25, 2003, in response to Whaley's affidavits, that he was in fact eligible for the work release program under DOC criteria.  Doc. # 116 at 19.  Plaintiff indicated that "verification" in support of this argument would "be properly and timely sought through requested leave of this Court, prior to trial of this action and within the allotted time-frame as aloud [sic] by the Federal Rule of Civil Procedure."  Id.  However, plaintiff failed to request any discovery relating to

---

[1] "Even were Inmate Raines to successfully complete treatment [again] he would never be considered for any less restrictive security level, placement or program participation by this Department due to the crime of robbery/murder which he committed on parole." Doc. #28 (Whaley affidavit); Plaintiff is "barred by criteria for consideration for any less restrictive placement, program or custody that is currently enjoyed by virtue of his crimes regardless of whether he participates in any treatment program offered by this Department." Doc. # 91 (Whaley affidavit) (filed June 24, 2003).

his eligibility for a more favorable classification until more than two and one half years later.

"Subsection (f) [of Fed.R.Civ.P. 56] allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." Barfield v. Brierton, 883 F.2d 923, 931 (11th Cir. 1989) (citations and internal quotation marks omitted). In this case, plaintiff has offered no such reasons. Plaintiff was provided an adequate opportunity for discovery in this case. See Florida Power & Light Co. v. Allis Chalmers Corp., 893 F.2d 1313, 1316 (11th Cir. 1990) ("Before entering summary judgment the district court must ensure that the parties have an adequate opportunity for discovery."). Although he had ample time and opportunity for discovery, plaintiff "failed to diligently pursue his options." Barfield, 883 F.2d at 932. His pro se status does not excuse this omission. Id.

Accordingly, it is

ORDERED that the court's March 7, 2006 order (Doc. # 131) denying plaintiff's March 3, 2006 motion for request of discovery (Doc. # 129) be amended to reflect the court's reasoning for denial of the motion, as set out above.

DONE, this 16th day of March, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE